UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RONNIE LEVON RANDALL, | ) |
| | ) |
| *Petitioner,* | ) |
| v. | ) No. 1:07-cv-64 |
| | ) |
| TONY PARKER, Warden | ) *Chief Judge Curtis L. Collier* |
| | ) |
| *Respondents.* | ) |

**MEMORANDUM**

Ronnie Levon Randall ("Randall") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File No. 1). Randall seeks review of his 2004 state conviction on one count of attempted first degree murder. After reviewing the record and the applicable law, the Court concludes that Randall's § 2254 petition is time-barred.

## I. *Non-dispositive Motions*

Also before the Court is petitioner's motion requesting appointment of counsel which will be **DENIED** since his petition is time-barred (Court File 1).

## II. *Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, there is a one-year statute of limitation for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1) and (2) provide, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record reflects Randall pleaded guilty to one count of attempted first degree murder on September 15, 2004, and received a sentence of fifteen years. A review of Randall's submissions reflect he neither pursued his right to appeal nor filed a state post-conviction petition. Since Randall did not pursue a direct appeal, his state court convictions became final on October 15, 2004, upon expiration of the 30-day time period during which he could have filed a direct appeal to the Tennessee Court of Criminal Appeals. *See* TENN. R. APP. P. 4(a); 28 U.S.C. § 2244(d)(1). Randall had one-year from the date his conviction became final in which to file his habeas petition. 28 U.S.C. § 2244(d)(1)(A).

Although "[t]he one-year period of limitations is tolled by the amount of time that a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending in state court[,]" *Jurado v. Burt*, 337 F.3d 638, 640 (2003), Randall does not receive the benefit of this rule as he did not file a state post-conviction petition or other application for collateral review. Rather, Randall filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 22, 2007, more than one year after the one-year statute of limitations expired.

The time for filing a § 2254 petition in Randall's case expired on October 17, 2005.[1] Since

---

[1] The one-year period ended on October 15, 2005. However, since October 15 was a Saturday petitioner had until Monday, October 17, 2005, in which to timely file this habeas petition.

Randall's § 2254 petition was filed on February 22, 2007, it is time-barred by the statute of limitations.

Accordingly, it is hereby **ORDERED** that Randall's petition for writ of habeas corpus will be **DISMISSED** as time-barred (Court File No. 1).  An appropriate judgment will enter.

**ENTER:**


/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**